```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION

JAMES K. SMITH, et al.,          *

     Plaintiffs,                 *

vs.                              *
                                     CASE NO. 4:20-CV-80 (CDL)
MARTIN MARIETTA MATERIALS, INC., *

     Defendant.                  *
```

O R D E R

When the Court initially reviewed the pending motions to compel and motion for protective order, the Court was disappointed that counsel could not resolve their relatively simple discovery disputes on their own. Assuming that the pandemic had something to do with their disagreeability, the Court gave counsel a chance to redeem themselves and resolve their discovery disputes within two weeks. Counsel sought and received an extension of time to resolve their differences, and two weeks stretched into two months. After reviewing the parties' most recent status report, the Court is even more disappointed. It is clear to the Court that these issues should have been resolved by counsel. But since they were not, the Court is duty bound to do it for them.

DISCUSSION

This action asserts relatively straightforward claims under the Fair Labor Standards Act.  The Court handles similar cases on a regular basis without the complications counsel in this action have created.  Plaintiffs are current and former hourly manual labor workers employed at Defendant's quarry in Junction City, Georgia.  Plaintiffs allege that Defendant failed to pay them for all the time and overtime hours worked as required under the Fair Labor Standards Act.  Presently pending before the Court are Defendant's motion for a protective order and Plaintiffs' two motions to compel.

I. **Defendant's Motion for Protective Order (ECF No. 30)**

The central dispute raised by the motion for protective order is whether certain documents may be designated as "Confidential – Attorneys' Eyes Only."[1]  Defendant wants to protect documents it says contain sensitive commercial and financial information regarding its incentive plans and production goals.  Plaintiffs, who have not yet received these documents because of the disagreement regarding the protective order, insist that Defendants could not possibly have good cause for keeping such documents confidential.  Defendant suggests that the Court conduct an *in camera* review of the documents to

---

[1] Based on the latest status report, the Court is under the impression that the parties exchanged drafts of a proposed protective order and agreed to all terms except the level of confidentiality for incentive plans and production goals.

2

help it decide the scope of the protective order. Everyone puts the cart before the horse.

The Court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). The Court declines to conduct an *in camera* review of an unknown number of documents that haven't even been produced just to figure out what level of confidentiality they should be designated. Instead, the Court finds that the more logical approach is to grant Defendant's motion for a protective order and permit Defendant to designate as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents that are highly confidential, including documents containing highly sensitive financial data. Then Defendant can produce the documents, and Plaintiffs' attorneys and any expert witnesses will have access to them so they can prepare for trial. If, after reviewing the documents, Plaintiffs' counsel concludes that Plaintiffs truly cannot prepare for trial unless they too have access to the incentive plans and production goals, then Plaintiffs' counsel should confer in good faith with Defendant's counsel to seek a downgrade of the confidentiality designation of the documents.

In summary, Defendant's motion for protective order (ECF No. 30) is granted. Defendant shall submit its proposed

protective order to the Clerk's Office - Columbus Division email address: columbus.ecf@gamd.uscourts.gov.

**II.   Plaintiffs' First Motion to Compel (ECF No. 13)**

Based on the most recent status report, counsel could not reach an agreement on five types of evidence at issue in Plaintiffs' first motion to compel.  The Court addresses each type of evidence in turn.

A.   Affirmative Defenses

In the latest discovery status report, Plaintiffs assert that Defendant did not adequately respond to the interrogatories and document requests concerning Defendant's affirmative defenses.  Plaintiffs seek the factual basis for the following affirmative defenses: (1) good faith, (2) lack of a willful violation, (3) Plaintiffs were fully compensated, (4) the time sought is too irregular or administratively difficult to record, (5) some Plaintiffs might be exempt, (6) the allegations only impact a small number of employees, and (7) Plaintiffs are not similarly situated.  Defendant did not respond to this assertion in the latest status report and did not point to evidence that it provided a complete response to Plaintiffs' discovery requests regarding a factual basis for these seven affirmative defenses.  Within twenty-one days of the date of this Order, Defendant shall supplement its discovery responses on the factual basis for these seven affirmative defenses.

4

B.   Investigations and Prior FLSA Complaints

In the latest discovery status report, Plaintiffs contend that Defendant did not adequately respond to its interrogatory and document requests regarding any investigations to determine whether Defendant had violated the FLSA. Defendant did not clearly address this issue in the latest discovery status report. If Defendant has not already produced all non-privileged documents regarding FLSA investigations at the Junction City quarry for the three years preceding the filing of the Complaint, it shall do so within twenty-one days of the date of this Order. If Defendant has not yet provided a privilege log for responsive documents that are being withheld on the basis of privilege, it shall do so within twenty-one days of the date of this Order.

C.   Work Schedule Information

In the latest discovery status report, Plaintiffs argue that Defendant did not completely respond to their discovery requests regarding Plaintiffs' work schedule information, including changes to their schedules. In addition, Plaintiffs assert that Defendants did not produce an unredacted version of a March 2020 document Plaintiffs signed acknowledging their work schedules. Defendant does not appear to object to producing an unredacted version of the March 2020 document once a protective order is entered; within twenty-one days after entry of the

5

protective order, Defendant shall produce the document. Defendant does appear to object to producing emails on this and other topics; that issue is addressed in more detail below.

### D. Production Goals and Incentive Plans

Defendant represents that it will respond to Plaintiffs' discovery requests regarding production goals and incentive plans once the protective order is entered. Within twenty-one days after entry of the protective order, Defendant shall respond to Plaintiffs' discovery requests regarding production goals and incentive plans.

### E. Email Correspondence

In the latest discovery status report, Plaintiffs assert that Defendant has not produced a single email in response to their discovery requests. The parties say that they conferred on keyword searches and the subjects to be covered by the email production, but they made about as much progress as the Atlanta Falcons did in the fourth quarter of Superbowl LI. Defendant objects to producing 126,000 emails that it identified as potentially responsive to Plaintiffs' discovery requests based on five keyword searches, but Defendant offers no solutions for identifying and producing emails that are responsive to Plaintiffs' discovery requests.[2]  On the other extreme,

---

[2] It is not clear from the present record if Defendant has already reviewed the emails for privilege and relevance or if Defendant seeks to narrow the results before it even reviews the emails.

6

Plaintiffs argue that Defendant's searches were inadequate, and they want to inspect Defendant's computer systems to ensure that the searches were complete, and they suggest that additional keyword searches may be necessary.

The Court declines to permit an inspection of Defendant's computer systems.  Regarding additional searches, Plaintiffs did not explain in the status report what additional searches Defendant should run or why.  The Court will not require additional searches without this basic information.  Any motion to compel additional searches at this time is denied.

Regarding the emails Defendant identified by running the keyword searches, Defendant contends that the number of email results shows that Plaintiffs' proposed keyword searches were too broad.[3]  The real question, though, is whether the emails themselves are responsive to Plaintiffs' document requests, relevant to Plaintiffs' claims, and proportional to the needs of the case.  The Court cannot divine the answer to this question based on the present record.  Surely at least some of the emails are relevant to Plaintiffs' claims and proportional to the needs of the case.  Within seven days of the date of this Order, Defendant shall explain why any specific subset of the emails is not discoverable under Federal Rule of Civil Procedure 26(b)(1),

---

[3] Based on the information Defendant provided, it appears that nearly half of the emails were identified based on a query that searched for emails containing one of Plaintiffs' surnames—including the surnames Smith and Brown and Davis.

7

and Defendant shall propose an alternative solution for identifying all emails that are responsive, relevant, and proportional. Plaintiffs shall have seven days to respond. The parties are strongly encouraged to resolve this issue on their own; if the Court must decide the issue, it will determine which party was more unreasonable and impose sanctions accordingly.

**III. Plaintiffs' Second Motion to Compel (ECF No. 32)**

Plaintiffs seek electronic time records for all of Defendant's manual labor hourly workers from April 20, 2017 until the present. Defendant represents that it produced the time records for the seventeen individuals who opted in to this action, but Defendant objects to producing any time records for the twenty-four manual labor hourly workers who did not opt in. Defendant contends that these time records are not relevant to Plaintiffs' claims or proportional to the needs of the case.

Based on the present record, the Court is satisfied that the time records of all of Defendant's manual labor hourly workers are relevant to Plaintiffs' claims and Defendant's defenses for discovery purposes. They may be probative on how widespread the alterations to clock-in/clock-out times were, which is relevant to whether Defendant acted in good faith or willfully violated the FLSA. They are also relevant to which management employees were involved in the alleged scheme and their motives. Defendant did not establish that production of

this evidence would be disproportionate to the needs of the case or unduly burdensome. Accordingly, Plaintiffs' second motion to compel (ECF No. 32) is granted, and Defendant shall produce the responsive time records within twenty-one days of today's Order.

## CONCLUSION

Defendant's motion for protective order (ECF No. 30) is granted, and the Court will enter the protective order separately. Plaintiffs' first motion to compel (ECF No. 13) is granted in part and denied in part as discussed above. Plaintiffs' second motion to compel (ECF No. 32) is granted. The motion for hearing (ECF No. 24) is denied.

The Court places the parties on notice that the Court is not inclined to extend discovery or the dispositive motion deadline any further. The delays caused by the parties' discovery disputes are not good cause for an extension.

IT IS SO ORDERED, this 4th day of February, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA